```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

LARRY ROY,  :

    Plaintiff,

                        :

vs.

                        :          CIVIL ACTION 11-0694-WS-M

CORRECTIONAL MEDICAL
SERVICES, INC., et al.,     :

    Defendants.

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Plaintiff's Notice of Appeal (Doc. 44) and Motion to Proceed Without Prepayment of Fees and Costs, construed as a Motion for Leave to Appeal *in forma pauperis* (Doc. 45) which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3). For the reasons set forth below, it is recommended that the Motion for Leave to Appeal *in forma pauperis* be denied because the appeal is frivolous, without arguable merit and not taken in good faith.

On August 15, 2012, Plaintiff Larry Roy, an Alabama prison inmate proceeding *pro se* in this 42 U.S.C. § 1983 action, filed a Notice of Appeal (Doc. 44) of the District Judge's Order dated July 16, 2012 (Doc. 42), adopting the Report and Recommendation (Doc. 40), dismissing Plaintiff's medical care claims against Defendants, with prejudice, for failure to establish a constitutional violation. Judgment was also entered on July 16, 2012 (Doc. 43) and on August 15, 2012, Plaintiff filed his

Notice of Appeal and his Motion for Leave to Appeal *in forma pauperis* (Docs. 44, 45)

Notwithstanding a finding of economic eligibility, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.,* 15 F.Supp.2d 1285, 1289 (M.D. Fla. 1998)(appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd,* 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F.Supp. 445 (D.C. 1955)("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.,* 113 F.Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto,* 114 F.Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of the opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier V. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit

2

either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

This Court, in its Order adopting the thorough Report and Recommendation, after a de novo determinations of those portions of the Recommendation to which objection was made, found that Plaintiff had failed to come forth with sufficient evidence to establish a constitutional medical care violation against Defendants.  Furthermore, Plaintiff has not claimed or pointed out in what way the Order is in error.  Therefore, the Court finds that the appeal is frivolous, without arguable merit and not taken in good faith and that the request to appeal *in forma pauperis* is due to be denied.

Notwithstanding Plaintiff's indigent status or the denial of permission to proceed *in forma pauperis*, because Plaintiff is a prisoner, 28 U.S.C. § 1915 (as amended by the Prison Litigation Reform Act) requires payment of the full amount of the filing fee.  After a review of Plaintiff's prisoner account statement for the most recent twelve-month period (Doc. 45), the Court **DIRECTS** the Commissioner of the Alabama Department of Corrections or his designee to withdraw twenty percent of the preceding month's income credited to the prisoner's inmate account and to remit that amount to the District Court Clerk each time the amount in the account exceeds $10.00 until the total filing fee of $455.00 has been paid in full.  These

payments shall clearly identify Plaintiff's name and the case number assigned to this action, and shall be paid by check made payable to "Clerk, U. S. District Court."  **Once adopted**, the Clerk is **DIRECTED** to send the Commissioner of the Alabama Department of Corrections and the business manager of the institution where Plaintiff is incarcerated a copy of this Report and Recommendation and the District Judge's Order adopting it.

In conclusion, it is recommended that Plaintiff's Motion for Leave to Appeal *in forma pauperis* be denied and that the District Judge certify in writing that Plaintiff's appeal is frivolous, without arguable merit and not taken in good faith. Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), Plaintiff does not have the opportunity to file an objection. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court.").  The Clerk is therefore **DIRECTED** to refer this Report and Recommendation to the District Judge without the necessity of a waiting period.

DONE this 16th day of August, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE