IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY ROY, AIS #192299 )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CORRECTIONAL MEDICAL SERVICES, )<br>*et al.*, )<br>    Defendants. ) | CIVIL ACTION 11-00694-JB-N |

ORDER

This matter is before the Court on Plaintiff Larry Roy's counsel's Motion for Reimbursement from the Special Attorney Admissions Fund (the Fund). (Doc. 222).[1]

On May 9, 2017 -- after the assigned trial judge granted Roy's *pro se* motion for appointment of counsel and referred the matter to the Magistrate Judge (Doc. 65) -- Magistrate Judge Nelson[2] appointed N. Stewart Hanley, Esq. as counsel for Roy. (Doc. 173). Subsequently, counsel moved for pre-approval of mediation expenses, which the Court denied. (Doc. 210). On June 19, 2018, upon reconsideration, the Court vacated the prior denial and granted counsel's

---

[1] This Court has created a Special Attorney Admissions Fund. S.D.ALA. Standing Order No. 16. "The Special Attorney Admission Fund [is] maintained…to compensate appointed counsel in civil rights actions for reasonably incurred expenses authorized by prior order of the Judge to whom the action is assigned." S.D. Ala. LR 67.1(a). One type of expenditure that can be made from the monies contained in the fund is "[r]eimbursement of pro bono counsel for out-of-pocket expenses, payment of compensation to pro bono counsel, and payment of witness fees and other expenses on behalf of indigent pro se civil litigants." S.D.ALA. Standing Order No. 16, Attached Plan for the Administration of the Special Attorney Admissions Fund, ¶ 5.F. The procedure for requesting and receiving payment from the Special Attorney Admissions Fund is as follows: "….(c)…Payments from the Fund require the order of the Chief District Judge or his/her designee, in an amount and with a priority determined by such District Judge in light of the condition of the Fund and any other pending or anticipated requests; (d)…All requests for payment from the Fund shall first be submitted in writing to the Judge assigned to the action. If the request is approved, the assigned Judge's written authorization shall then be forwarded to the Chief Judge or his/her designee for action in accordance with subsection (c) above." S.D. ALA. LR 67.1(c)-(d).

[2] Authorized by Magistrate Judge Nelson upon referral from the assigned trial District Judge, Judge Steele, for appropriate action.

1

request for reasonable out-of-pocket mediation costs.  (Doc. 213).  On September 24, 2018, counsel moved for reimbursement of $900.00 (1/2 the cost) in mediation expenses (for the mediator to open the file, set up mediation date, telephone conference, travel to Holman Prison for mediation and travel back to mobile, and for post-mediation correspondence).  (Doc. 222).

Pursuant to S.D.Ala. Civil Local Rule 67.1(d), when the assigned trial judge authorizes payment of funds from the (Fund) maintained by the Clerk of Court, that authorization is then forwarded to the Chief Judge for action.  Then, monies from the Fund are paid out on the Chief District Judge's order, in amounts and priorities as she determines.  S.D. Ala. Civil LR 67.1(c).

Upon consideration of the authorized judge's pre-approval and review of the invoice submitted (Doc. 222-1), the Court finds that reimbursement of the reasonable costs of mediation totaling **$900.00** from the Fund is permissible.  It is **ORDERED** that Roy's counsel's motion (Doc. 222) is **GRANTED,** such that disbursement of **$900.00** from the Fund is **APPROVED**, made payable to N. Stewart Hanley, Esq.

**DONE** and **ORDERED** this the **15th** day of **October 2018.**

/s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**CHIEF UNITED STATES DISTRICT JUDGE**